

IN THE CIRCUIT COURT OF COVINGTON COUNTY
STATE OF ALABAMA

| | | |
|---|---|---|
| TONY CHANNELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: _____ |
| | * | |
| NUTRITION DISTRIBUTION, LLC, | * | |
| d/b/a ANABOLIC XTREME, an | * | |
| Arizona company; ANABOLIC | * | |
| RESOURCES, LLC, an Arizona | * | |
| company; DESIGNER | * | |
| SUPPLEMENTS, INC., a New York | * | JURY TRIAL DEMANDED |
| Corporation; DPS NUTRITION, INC., | * | |
| a Pennsylvania Corporation; STG | * | |
| INVESTORS, LLC, d/b/a | * | |
| SUPPLEMENTSTOGO.COM, a | * | |
| Nevada company; FICTITIOUS | * | |
| DEFENDANTS A, B, C, D, E, and F, | * | |
| being those persons, firms or | * | |
| corporations whose fraud, scheme | * | |
| to defraud, negligence, and/or other | * | |
| wrongful conduct caused or | * | |
| contributed to Plaintiff's injuries and | * | |
| damages, and whose true names and | * | |
| identities are presently unknown to | * | |
| the Plaintiff but will be substituted | * | |
| by amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

1. This is a civil action brought on behalf of Tony Channell, who purchased and used Defendants' product Superdrol™ for approximately five weeks. As a direct and proximate result of using this product, Mr. Channell was caused to suffer serious and life-threatening injuries including, but not limited to, liver failure.

2. Mr. Channell is an adult resident of Covington County, Alabama.

**EXHIBIT A.1**

3. Defendant, Nutrition Distribution, LLC, is a foreign company that is organized in the State of Arizona, has its principal place of business in Arizona, and is doing business as Anabolic Xtreme. At all times relevant herein, Nutrition Distribution, LLC/Anabolic Xtreme was in the business of designing, testing, manufacturing, packaging, labeling, advertising, marketing, promoting, selling, and/or distributing Superdrol™.

4. Defendant, Nutrition Distribution, LLC, is not registered or qualified to do business in the State of Alabama and does not have a registered agent for service of process in Alabama. This Defendant may be served through its agent of record, Stephen M. Bonnell, at the following address: 2440 W 12th Street, Suite #3, Tempe, Arizona 85281.

5. Defendant, Anabolic Resources, LLC, is a foreign company that is organized in the State of Arizona, has its principal place of business in Arizona. At all times relevant herein, Anabolic Resources, LLC, was in the business of designing, testing, manufacturing, packaging, labeling, advertising, marketing, promoting, selling, and/or distributing Superdrol™.

6. Defendant, Anabolic Resources, LLC, is not registered or qualified to do business in the State of Alabama and does not have a registered agent for service of process in Alabama. This Defendant may be served through its agent of record, Richard Smith, at the following address: 2440 W 12th Street, Suite #3, Tempe, Arizona 85281.

7. Defendant, Designer Supplements, Inc., is a foreign corporation incorporated in the State of New York and has its principal place of business in New York.

At all times relevant herein, Designer Supplements, Inc., was in the business of designing, testing, licensing, manufacturing, packaging, labeling, advertising, marketing, promoting, selling, and/or distributing Superdrol™.

8. Defendant Designer Supplements, Inc., is not registered or qualified to do business in the State of Alabama and does not have a registered agent for service of process in Alabama. This Defendant may be served through its Chief Executive Officer, Matthew Cahill, at the following address: 1111 Park Lane North, Franklin Square, New York 11010.

9. Defendant, DPS Nutrition, Inc., is a foreign corporation incorporated in the State of Pennsylvania and has its principal place of business in Pennsylvania. At all times relevant herein, DPS Nutrition, Inc., was in the business of designing, testing, manufacturing, packaging, labeling, advertising, marketing, promoting, selling, and/or distributing Superdrol™.

10. Defendant DPS Nutrition, Inc., is not registered or qualified to do business in the State of Alabama and does not have a registered agent for service of process in Alabama. This Defendant may be served through its President, Douglas Pettinato, at the following address: 1510 North Main Avenue, Scranton, Pennsylvania 10508.

11. Defendant STG Investors, LLC, is a foreign company that is organized in the State of Arizona, has its principal place of business in Arizona, and is doing business as Supplementstogo.com. At all times relevant herein, STG Investors, LLC/Supplementstogo.com was in the business of designing, testing, manufacturing, packaging, labeling, advertising, marketing, promoting, selling, and/or distributing

Superdrol™.

12.   Defendant STG Investors, LLC, is not registered or qualified to do business in the State of Alabama and does not have a registered agent for service of process in Alabama. This Defendant may be served through its agent of record, Your Entity Solution, LLC, at the following address: 6628 Sky Pointe Drive, Suite 290, Las Vegas, Nevada 89131.

13.   Fictitious Defendants A, B, C, D, E, and F are those persons, firms or corporations whose actions, inactions, fraud, scheme to defraud, and/or other wrongful conduct caused or contributed to the injuries sustained by Mr. Channell, whose true and correct names are not known to Plaintiff at this time, but will be substituted by amendment when ascertained. At all times relevant hereto, the Fictitious Defendants were in the business of designing, testing, manufacturing, packaging, labeling, advertising, marketing, promoting, selling, and/or distributing Superdrol™.

14.   "Defendants," as used in this Complaint, refers to all defendants, whether identified by name or as fictitious parties in the style of this Complaint, unless otherwise specified.

15.   At all times relevant hereto, Defendants were in the business of designing, developing, testing, manufacturing, packaging, labeling, promoting, marketing, advertising, selling, and/or distributing Superdrol™ in interstate commerce and in the State of Alabama.

16.   Superdrol™ is a dietary supplement/herbal product. Defendants did design, test, fail to test, manufacture, package, label, advertise, market, promote, sell, and/or

4

distribute Superdrol™. Defendants further encouraged the use of this product through advertising mediums and misrepresented its safety and concealed dangerous and potentially life-threatening side effects.

17. As a direct and proximate result of using this product, Mr. Channell was caused to suffer serious and life-threatening injuries including, but not limited to, liver failure.

18. At all times relevant hereto, Defendants actually knew or through the exercise of reasonable care should have known of the defective nature of Superdrol™ yet continued to design, test, fail to test, manufacture, package, label, advertise, market, promote, sell, and/or distribute this product so as to maximize sales and profits at the expense of the public's health and safety in conscious disregard of the foreseeable harm caused by this product.

19. At all times material hereto, Defendants acted with conscious disregard of the foreseeable harm caused by Superdrol™ warranting an award of punitive damages to Mr. Channell.

20. At all times material hereto, Defendants' conduct exhibited a level of care evidencing fraud, ill will, recklessness, and/or gross negligence warranting an award of punitive damages to Plaintiff.

21. At all times material hereto, Defendants designed, tested, developed, manufactured, packaged, labeled, marketed, sold, and distributed Superdrol™ with willful and intentional disregard of the individual rights of Mr. Channell warranting an award of punitive damages to Mr. Channell.

22. Defendants thereby acted with oppression, fraud, and malice towards Mr. Channell, who accordingly requests that the trier of fact, in the exercise of its sound discretion, award additional damages for the sake of example and for the purpose of punishing Defendants for their conduct, in an amount sufficiently large to be an example to others, and to deter these Defendants and others from engaging in similar conduct in the future.

## **CAUSES OF ACTION**

### **COUNT I – STRICT LIABILITY**

23. Mr. Channell realleges all prior paragraphs of this Complaint as if fully set out herein.

24. Superdrol™, which was designed, tested, manufactured, packaged, labeled, advertised, marketed, promoted, sold, and/or distributed by Defendants, was placed in the stream of commerce by these Defendants, each individually and in concert, in a defective and unreasonably dangerous condition as designed, taking into consideration the utility of the product and the risks involved in its use.

25. Defendants' Superdrol™ was defective in its marketing due to the inadequate warnings and instructions that accompanied this product.

26. Defendants failed to provide timely and adequate warnings or instructions after they knew of the risk of injury by Superdrol™.

27. Defendants' Superdrol™ was defective due to inadequate testing and/or inadequate warning.

28. The defective nature of this product was the direct and proximate cause of

6

Mr. Channell's liver failure and resulting damages from which he has suffered and will continue to suffer in the future.

WHEREFORE, Mr. Channell demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs and interest.

## COUNT II – NEGLIGENCE/WANTONNESS

29. Mr. Channell realleges all prior paragraphs of this Complaint as if fully set out herein.

30. At all times herein mentioned, Defendants had a duty to properly design, manufacture, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and take such steps to assure that Superdrol™ did not cause users to suffer from unreasonable and dangerous side effects. Defendants breached this duty. Defendants knew or should have known that the product, Superdrol™, created an unreasonable risk of bodily harm.

31. At all times herein mentioned, Defendants knew, or in the exercise of reasonable care should have known, that the aforesaid product was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and provided with proper warnings, it was likely to injure the product's user.

32. Defendants so negligently and carelessly manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over-promoted and supplied Superdrol™

that it was dangerous and unsafe for the use and purpose for which it was intended.

33. Despite the fact that Defendants knew or should have known that Superdrol™ caused unreasonable, dangerous side effects which many users would be unable to foresee or remedy by any means, Defendants continued to manufacture, advertise, market, promote, sell and/or distribute Superdrol™ to consumers, including Mr. Channell.

34. Defendants knew or should have known that consumers, such as Mr. Channell, would foreseeably suffer injury or death as a result of Defendants' failure to exercise ordinary care.

35. Defendants' negligence and wantonness was a direct and proximate cause of Mr. Channell's liver failure and resulting damages, from which he has suffered and will continue to suffer in the future.

WHEREFORE, Mr. Channell demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs and interest.

## COUNT III – BREACH OF EXPRESS WARRANTY

36. Mr. Channell realleges all prior paragraphs of this Complaint as if fully set out herein.

37. Defendants made express representations to the general consuming public, including Mr. Channell, that Superdrol™ was safe.

38. Superdrol™ does not conform to the expressed representations made by Defendants because it is not safe and has serious, life-threatening side effects.

8

39. At the time of the making of the express warranties, Defendants had knowledge of the purpose for which Superdrol™ was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose. Superdrol™ was unaccompanied by warnings of its dangerous propensities that were either known or knowable at the time of distribution.

40. Defendants' breach was direct and proximate cause of Mr. Channell's liver failure and resulting damages, from which he has suffered and will continue to suffer in the future.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs and interest.

### COUNT IV – BREACH OF IMPLIED WARRANTY

41. Mr. Channell realleges all prior paragraphs of this Complaint as if fully set out herein.

42. At the time Defendants marketed, sold, and distributed Superdrol™ for use by Mr. Channell, Defendants knew of the use for which the product was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

43. Mr. Channell reasonably relied upon the skill, judgment, knowledge, and representations of Defendants as to whether Superdrol™ was indeed of merchantable quality and safe and fit for its intended use.

44. Mr. Channell reasonably relied upon the skill, judgment, knowledge, and representations of Defendants in selecting Superdrol™ for use.

9

45. Contrary to the implied warranties, Superdrol™ was not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the use for which it was intended.

46. Defendants' breach was a direct and proximate cause of Mr. Channell's liver failure and resulting damages, from which he has suffered and will continue to suffer in the future.

WHEREFORE, Mr. Channell demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs and interest.

### COUNT V – FRAUD/MISREPRESENTATION

47. Mr. Channell realleges all prior paragraphs of this Complaint as if fully set out herein.

48. Defendants negligently, recklessly, intentionally and fraudulently made material misrepresentations that Superdrol™ was safe and effective. Defendants represented Superdrol™ as safe so that the general consuming public, including Mr. Channell, would rely upon said representations when purchasing said product.

49. At the time Defendants made these representations, however, Defendants knew that these representations were false, and/or Defendants made the representations with reckless disregard of the truth.

50. Defendants' fraud and/or misrepresentations were the direct and proximate cause of Mr. Channell's liver failure and resulting damages from which he has suffered and will continue to suffer in the future.

51. Defendants thereby acted with oppression, fraud, and malice towards Plaintiff, who accordingly requests that the trier of fact, in the exercise of its sound discretion, award additional damages for the sake of example and for the purpose of punishing the Defendants for their conduct, in an amount sufficiently large to be an example to others and to deter these Defendants and others from engaging in similar conduct in the future.

WHEREFORE, Mr. Channell demands judgment against Defendants jointly and severally in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs and interest.

## JURY DEMAND

Mr. Channell hereby demands that all issues in this case be tried to a jury.

Respectfully submitted this the 1st day of November 2007.

/s/ W. Roger Smith, III
W. Roger Smith, III (SMI257)
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, Alabama 36104
Telephone: (334) 269-2343

David F. Miceli (MIC006)
**David F. Miceli, LLC**
119 Maple Street, Suite 201
Carrollton, Georgia 30117
Telephone: (770) 834-2122

**Attorneys for Plaintiff**

ADDRESSES FOR SERVICE:

**DEFENDANT NUTRITION DISTRIBUTION, LLC**
c/o Stephen M. Bonnell
2440 W 12th Street, Suite #3
Tempe, Arizona 85281

**DEFENDANT ANABOLIC RESOURCES, LLC**
c/o Richard Smith
2440 W 12th Street, Suite #3
Tempe, Arizona 85281

**DEFENDANT DESIGNER SUPPLEMENTS, INC.**
c/o Matthew Cahill
1111 Park Lane North
Franklin Square, New York 11010

**DEFENDANT DPS NUTRITION, INC.**
c/o Douglas Pettinato
1510 North Main Avenue
Scranton, Pennsylvania 10508

**DEFENDANT STG INVESTORS, LLC**
c/o Your Entity Solution, LLC
6628 Sky Pointe Drive, Suite 290
Las Vegas, Nevada 89131