

ELECTRONICALLY FILED
2/11/2008 5:42 PM
CV-2007-900047.00
CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA
ROGER POWELL, CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| TONY CHANNELL, | * |
| Plaintiff, | * |
| v. | * |
| | * CASE NO. CV-07-900047-MAM |
| NUTRITION DISTRIBUTION, LLC, d/b/a ANABOLIC XTREME, DESIGNER SUPPLEMENTS, INC., et al., | * |
| Defendants. | * |

## ANSWER TO COMPLAINT OF DEFENDANT, DPS NUTRITION, INC.

COMES NOW the Defendant, DPS Nutrition, Inc., and answers the Plaintiff's Complaint as follows:

1. While Tony Channell is the named Plaintiff in this case, the Defendant has insufficient information or knowledge to admit or deny the remaining allegations of this paragraph. Accordingly, all allegations of this paragraph are denied, including those which seek to impose any liability on this Defendant.

2. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

3. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

4. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

**EXHIBIT A.5**

5. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

6. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

7. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

8. While the Defendant does not contest service in this case, the Defendant asserts that the Court lacks in personam or subject matter jurisdiction over the Defendant.

9. The Defendant admits that DPS Nutrition, Inc., is a Pennsylvania corporation with its principle place of business in Taylor, Pennsylvania. All remaining allegations of this paragraph are denied.

10. The Defendant admits that DPS Nutrition, Inc., is a Pennsylvania corporation with its principle place of business in Taylor, Pennsylvania. All remaining allegations of this paragraph are denied.

11. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

12. The Defendant has insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied at this time.

13. This paragraph requires no response from this Defendant at this time. The Defendant denies all liability and demands strict proof thereof.

14. This paragraph requires no response from this Defendant at this time. The Defendant denies all liability and demands strict proof thereof.

15. The Defendant denies all liability and demands strict proof thereof.

16. The Defendant denies all liability and demands strict proof thereof.

17. The Defendant denies all liability and demands strict proof thereof.

18. The Defendant denies all liability and demands strict proof thereof.

19. The Defendant denies all liability and demands strict proof thereof.

20. The Defendant denies all liability and demands strict proof thereof.

21. The Defendant denies all liability and demands strict proof thereof.

22. The Defendant denies all liability and demands strict proof thereof.

## CAUSES OF ACTION

### COUNT I - STRICT LIABILITY

23. Admitted or denied as set forth above.

24. The Defendant denies all liability and demands strict proof thereof.

25. The Defendant denies all liability and demands strict proof thereof.

26. The Defendant denies all liability and demands strict proof thereof.

27. The Defendant denies all liability and demands strict proof thereof.

28. The Defendant denies all liability and demands strict proof thereof.

### COUNT II - NEGLIGENCE/WANTONNESS

29. Admitted or denied as set forth above.

30. The Defendant denies all liability and demands strict proof thereof.

31. The Defendant denies all liability and demands strict proof thereof.

32. The Defendant denies all liability and demands strict proof thereof.

33. The Defendant denies all liability and demands strict proof thereof.

34. The Defendant denies all liability and demands strict proof thereof.

35. The Defendant denies all liability and demands strict proof thereof.

## COUNT III - BREACH OF EXPRESS WARRANTY

36. Admitted or denied as set forth above.

37. The Defendant denies all liability and demands strict proof thereof.

38. The Defendant denies all liability and demands strict proof thereof.

39. The Defendant denies all liability and demands strict proof thereof.

40. The Defendant denies all liability and demands strict proof thereof.

## COUNT IV - BREACH OF IMPLIED WARRANTY

41. Admitted or denied as set forth above.

42. The Defendant denies all liability and demands strict proof thereof.

43. The Defendant denies all liability and demands strict proof thereof.

44. The Defendant denies all liability and demands strict proof thereof.

45. The Defendant denies all liability and demands strict proof thereof.

46. The Defendant denies all liability and demands strict proof thereof.

## COUNT V - FRAUD/MISREPRESENTATION

47. Admitted or denied as set forth above.

48. The Defendant denies all liability and demands strict proof thereof.

49. The Defendant denies all liability and demands strict proof thereof.

50. The Defendant denies all liability and demands strict proof thereof.

51. The Defendant denies all liability and demands strict proof thereof.

## FIRST DEFENSE

The Defendant asserts that the Court lacks subject matter jurisdiction over this action.

## SECOND DEFENSE

The Defendant asserts that the Court lacks in personam jurisdiction over the Defendant.

## THIRD DEFENSE

The Defendant asserts the defense of product misuse.

## FOURTH DEFENSE

The Defendant asserts the defense of contributory negligence.

## FIFTH DEFENSE

The Defendant asserts the defense of assumption of the risk.

## SIXTH DEFENSE

The Defendant asserts that any alleged injury asserted by the Plaintiff is not causally related to any action or inaction on the part of this Defendant.

## SEVENTH DEFENSE

The Defendant pleads the sealed container doctrine as a defense.

## EIGHTH DEFENSE

The Defendant pleads the doctrine of intervening cause as a defense.

## NINTH DEFENSE

The Defendant pleads the doctrine of implied assumption of the risk as a defense.

## TENTH DEFENSE

The Defendant pleads the defense of spoliation.

## ELEVENTH DEFENSE

The Defendant pleads the statute of limitations as a defense.

## TWELFTH DEFENSE

It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

**THIRTEENTH DEFENSE**

The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

**FOURTEENTH DEFENSE**

The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

**FIFTEENTH DEFENSE**

The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

**SIXTEENTH DEFENSE**

The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

**SEVENTEENTH DEFENSE**

The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the fifth and fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

**EIGHTEENTH DEFENSE**

The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## NINETEENTH DEFENSE

Defendant avers that the Plaintiffs' demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature and set forth at § 6-11-21, Ala. Code 1975.

## TWENTIETH DEFENSE

The Defendant asserts that any punitive damages awarded against joint tortfeasors in this case should be apportioned according to each Defendant's proportionate degree of culpability. Any recovery of punitive damages by execution from a Defendant who does not deserve a penalty or who deserves a lesser penalty based upon his or her fault, others who may be culpable and deserving of the penalty go unpunished, is unconstitutional and inconsistent with the policy underlying punitive damages in Alabama.

## TWENTY-FIRST DEFENSE

These defendants plead any other matter constituting an avoidance or affirmative defense not specifically set out herein and hereby reserves the right to amend this answer to include any such avoidance or affirmative defense.

## TWENTY-SECOND DEFENSE

Defendant reserves the right to amend its answer until all discovery is completed.

DPS Nutrition, Inc. denies the *ad damnum* clause.

Respectfully submitted this 11th day of February, 2008.

/s/ Kathy R. Davis
Kathy R. Davis (DAV134)
Justin B. Lamb (LAM030)
Attorneys for Defendant
DPS Nutrition, Inc.

**OF COUNSEL:**
**Carr Allison**
100 Vestavia Parkway
Birmingham, AL 35216
(205) 822-2006
(205) 822-2057 (fax)

## CERTIFICATE OF SERVICE

I do hereby certify that on February 11, 2008, I electronically filed the foregoing pleading with the Clerk of the Court, using the CM/ECF system; and served the same by United States mail, properly addressed and first class postage prepaid to any parties according to the court's records who are not listed in the CM/ECF system, and I also request the Court to serve the same electronically on the following counsel:

W. Roger Smith, III, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
234 Commerce Street
Montgomery, AL 36104

David F. Miceli, Esq.
David F. Miceli, LLC
119 Maple Street, Suite 201
Carrollton, GA 30117

S. Anthony Higgins, Esq.
Attorney for Designer Supplements, Inc.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P. O. Box 4128
Montgomery, Alabama 36103

Andy Clausen, Esq.
Attorney for Nutrition Distribution, LLC
One St. Louis Center, Suite 5000
Mobile, Alabama 36602

Anabolic Resources, LLC
c/o Richard Smith
2440 W. 12th Street, Suite 3
Tempe, AZ 85281

STG Investors, LLC
c/o Your Entity Solution, LLC
6628 Sky Pointe Drive, Suite 290
Las Vegas, NE 89131

/s/ Kathy R. Davis
OF COUNSEL

8