IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2007 DEC 19 P 3: 52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

TONY CHANNELL, *
  *
  Plaintiff, *
  *
v. *
  * CASE NO. 2:07-CV-1103-
NUTRITION DISTRIBUTION, *
LLC, d/b/a ANABOLIC *
XTREME, DESIGNER *
SUPPLEMENTS, INC., et al., *
  *
  Defendants. *

**NOTICE OF REMOVAL**

COMES NOW the Defendant, Designer Supplements, Inc., and removes this case to the United States District Court for the Middle District of Alabama, Northern Division. In support of said removal, the Defendant states as follows:

1. The Plaintiff, according to the allegations of the Complaint[1], is a resident of Covington County, Alabama.

2. Defendant Designer Supplements, Inc., is a New York corporation with its principle place of business in New York.

3. According to the Complaint, co-defendant Nutrition Distribution, LLC, is a foreign business entity that is organized in the State of Arizona and has its principle place of business in Arizona.

4. According to the Complaint, co-defendant, Anabolic Resources, LLC, is a foreign

---

[1] A copy of the Plaintiff's Complaint is attached hereto as Exhibit A.

# EXHIBIT B

business entity that is organized in the State of Arizona and has its principle place of business in Arizona.

5. According to the Complaint, co-defendant DPS Nutrition, Inc., is a foreign corporation incorporated in the State of Pennsylvania with its principle place of business in Pennsylvania.

6. According to the Complaint, co-defendant STG Investors, LLC, is a foreign business entity that is organized in the State of Arizona, with its principle place of business in Arizona.

7. As of the time of this removal, co-defendants STG Investors, LLC and DPS Nutrition, Inc., are the only ones which have been served with the Complaint. Both of these co-defendants consent to the removal of this case.

8. Jurisdiction for this cause is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). The Complaint filed by the Plaintiff asserts multiple claims and seeks an unspecified amount of compensatory and punitive damages.

9. In addition to the complete diversity among the parties, the Defendant asserts that the Complaint seeks an amount in controversy greater than $75,000.00, exclusive of interest and costs. Although the Complaint seeks an unspecified sum of compensatory and punitive damages, the Plaintiff alleges in his Complaint that he "was caused to suffer serious and life-threatening injuries, including, but not limited to, liver failure." (See Exhibit A, ¶ 1). The Complaint further alleges that the Plaintiff has suffered injuries "from which he has suffered and will continue to suffer in the future." *Id.* at ¶ 40. Finally, the

Complaint seeks an amount of punitive damages "for the sake of example and for the purpose of punishing Defendants for their conduct, in an amount sufficiently large to be an example to others, and to deter these Defendants and others from engaging in similar conduct in the future." *Id.* at ¶ 22.

10. The Defendant acknowledges that it has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement; however, the Complaint filed by the Plaintiff in this case was the Defendant's first notice of this claim. Further, the Complaint is vague with respect to the exact nature of the injuries and damages sought. In the event the Plaintiff seeks to contest this removal on the basis that the jurisdictional limit has not been met or proved by the Defendant, the Defendant respectfully requests this Honorable Court to allow it to conduct limited-purpose discovery on the issue of damages before ruling on any motion to remand filed on behalf of the Plaintiff.

11. Upon filing of this notice, the Defendant has given written notice thereof to the attorney for the Plaintiff and to the co-defendants. Further, the Defendant has filed a copy of the removal pleadings and notice with the Circuit Court of Covington County, Alabama, all in accordance with applicable law.

WHEREFORE, the Defendant prays that the removal of said cause to the United States District Court for the Middle District of Alabama, Northern Division, be affected and no further or other proceeding may be had with respect to this matter in the Circuit Court of Covington County, Alabama, pending a final decision and determination of controversy in this United States District Court.

Respectfully submitted this 19th day of December, 2007.

_____
S. ANTHONY HIGGINS
Attorney for Defendant Designer
Supplements, Inc.

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served on:

W. Roger Smith, III, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles
234 Commerce Street
Montgomery, AL 36104

David F. Miceli, Esq.
David F. Miceli, LLC
119 Maple Street, Suite 201
Carrollton, GA 30117

Kathy R. Davis, Esq.
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

Nutrition Distribution, LLC
c/o Stephen M. Bonnell
2440 W. 12th Street, Suite 3
Tempe, AZ 85281

Anabolic Resources, LLC
c/o Richard Smith
2440 W. 12th Street, Suite 3
Tempe, AZ 85281

STG Investors, LLC
c/o Your Entity Solution, LLC
6628 Sky Pointe Drive, Suite 290
Las Vegas, NE 89131

either by facsimile or by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this the 19th day of December, 2007.

_____
OF COUNSEL