IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| TONY CHANNELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CIVIL ACTION NO.: CV-07-900047 |
| | * |
| NUTRITION DISTRIBUTION, LLC, et al., | * |
| | * |
| Defendants. | * |

## PLAINTIFF'S ANSWERS TO DEFENDANT DESIGNER SUPPLEMENTS, INC.'S FIRST INTERROGATORIES

Plaintiff, Tony Channell, answers Defendant DPS Nutrition, Inc.'s First Set of Interrogatories as follows:

1. State your full name, date of birth, social security number, and present address.

    RESPONSE:    Tony L. Channell
    Date of Birth: April 12, 1966
    Social Security Number: 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
    712 Charlie Street
    Opp, Alabama 36467

2. State the name of each individual currently residing with you and the names of all persons who are financially dependent on you.

    RESPONSE: Mr. Channell lives alone. His minor son, Caiden Channell, is his only dependent.

3. State your complete educational background listing high schools, colleges, universities, trade schools, and vocational schools, including the dates attended, and any diplomas, certifications, degrees and awards received.

1

# EXHIBIT G

>   RESPONSE: Pickens County High School; high school diploma 1985
>   LBW Jr. College 1994 - 1995
>   Bishop State Community College 1995 – 1996; AAS degree in physical therapy

4. State the names and addresses of your present and prior employers for the past ten years, including the beginning and ending dates of such employment, the hourly wages earned, the reason for leaving any such employment, your position or job classification, and the name and address of any person who directly supervises(ed) you.

>   RESPONSE: Diversicare                          2005 – Present
>   1621 Galleria Blvd.
>   Brentwood, Tennessee 37027
>
>   Reflects Staffing                        2003 – 2005
>   Address unknown
>
>   Restore Therapy Services          1998 – 2003
>   1555 Hillabee Street
>   Alexander City, Alabama 35010

**Mr. Channell does not recall his hourly wages earned or supervisor information for his past employers.**

5. Have you lost any time from work since the date alleged in the complaint? If so, please state the name and address of each employer, the cause of such lost time, the number of hours and days lost and the dates, and the amount of lost income.

RESPONSE: **Mr. Channell was out of work from January 10, 2006 through March 20, 2006 due to the injury associated with his use of Anabolic Xtreme Superdrol. He was employed by his current employer, Diversicare. Mr. Channell has not yet compiled information regarding wages lost during this period.**

6. If you answered Interrogatory No. 5 in the affirmative, please state if you received any disability pay, sick leave pay, unemployment benefit, social security, or other payment during any lost time claimed, including the amount(s) received.

2

RESPONSE: Mr. Channell received $1,203.26 in vacation/sick compensation and $5,278.51 in short term disability compensation.

7. Describe with particularity and state the amount of all economic losses alleged as a result of the injuries described in your complaint.

RESPONSE: Mr. Channell has not received documents necessary to fully compute the amount of his economic losses. Once received, he will supplement.

8. Are you alleging that the subject product was in any way defective or unreasonably dangerous? If yes, identify with specificity the defect(s) and/or the unreasonably dangerous condition(s) which you claim existed.

RESPONSE: Yes. However, Mr. Channell objects to Interrogatory 8 to the extent it seeks attorney work product. Mr. Channell's counsel will rely upon the opinions and testimony of expert witnesses to establish the defective and unreasonably dangerous characteristics of Anabolic Xtreme Superdrol. Further, Mr. Channell's counsel will rely upon the opinions and testimony of expert witnesses to establish defective nature of the Anabolic Xtreme Superdrol product label. A determination as to which experts will be called to support Plaintiff's contentions has not been made. When a determination as to which experts will be called, this response will be supplemented.

9. Were any photographs, x-rays, videotapes, or other films taken of the injuries that are described in your complaint? If so, state the name and address of the photographer, radiographer or videographer, the dates on which the photographs, x-rays, videotapes, cine or other films were taken, the subject(s) of the photographs, x-rays,

3

videotapes, or other films, and the name and address of each person who presently has custody of said photographs, x-rays, videotapes, cine or other films.

**RESPONSE: See medical records, attached.**

10. Have you or any person on your behalf examined the subject product? If so, state the name and address of any such person, the date(s) upon which said examination(s) took place, the location where said examination(s) took place, and whether any such person prepared a written report.

**RESPONSE: Mr. Channell objects to Interrogatory 10 to the extent it seeks attorney work product. Subject to and without waiving said objection, no examination of the product has occurred.**

11. Do you claim that this Defendant failed to comply with any federal or state statute, regulation, requirement or standard? If so, state with specificity the full name of every such statute, regulation, requirement or standard, the year of its enactment, and the specific section or paragraphs you claim Defendant failed to comply with.

**RESPONSE: See response to Interrogatory no. 8. Further, discovery has not been completed. As further information is discovered, and after a determination as to which experts will be called to support Plaintiff's allegations, this response may be supplemented.**

12. Describe with specificity all medical bills and other expenses incurred as a result of the subject incident in controversy.

**RESPONSE: Mr. Channell has not received copies of all medical bills and other expenses he has incurred as a result of his injuries. Attached is medical billing received to date.**

13. Do you have known allergies? If so, please identify each and every allergy you suffer from, all medications you have taken for your allergies, the date(s) of any allergic reactions, any medical treatment you received for said allergies, and the names, addresses, and telephone numbers of all physicians, hospitals, clinics, or healthcare providers who have treated you for your allergies.

RESPONSE: No.

14. Describe, in detail, all injuries or illnesses suffered by you, all occasions you were treated by a physician or healthcare provider (including regular checkups), all occasions you were confined in a hospital, or x-rayed for any reason, and the name and address of each physician, hospital and clinic where you sought treatment.

RESPONSE: Tony Channell objects to Defendant's Interrogatory 14 as overly broad and unduly burdensome. Further, Mr. Channell objects to Interrogatory 14 to the extent it seeks information that is irrelevant, immaterial and is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections, Mr. Channell was treated by Crenshaw Community Hospital and University of Alabama, Birmingham, for the injury at issue in this case. Further, Mr. Channell has received treatment from Enterprise Medical Center for a broken leg and from Southeast Alabama Mental Health for treatment of depression. Mr. Channell neither suffered from, nor had he ever been treated for, a hepatic condition prior to his use of Anabolic Extreme Superdrol.

15. To the extent not otherwise identified above, state the name, address and telephone number of each other physician or healthcare provider who has examined you or evaluated your medical condition, with whom you have consulted or from whom you

5

have received any medical treatment within the last ten year.

RESPONSE: See Response to interrogatory no. 14.

16. Set forth a detailed description of each and every injury or condition you contend was caused by the subject product.

RESPONSE: **As a result of Mr. Channell's ingestion of Anabolic Xtreme Superdrol, he suffered acute liver failure leading to multi-organ failure, elevated bilirubin, severe jaundice, massive weight loss, and scarring.**

17. As a result of said personal injuries, were you a patient or out-patient in any hospital or clinic? If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills, and the date or inclusive dates of said services.

RESPONSE:  **Crenshaw Community Hospital
101 Hospital Circle
Luverne, AL 36049**

**UAB Medical Center
619 19th Street S.
Birmingham, AL 35249**

**See attached Medical Records. See attached Billing Records.**

18. Has any person ever advised you that the subject product is (or was) defective or unreasonably dangerous? If so, state the name and address of each such person, and the specific defect or unreasonably dangerous condition identified or described by each such person.

RESPONSE: Mr. Channell objects to Interrogatory 18 to the extent it seeks attorney work product. Subject to and without waiving said objection, Mr. Channell has not been told by any person that Anabolic Xtreme Superdrol was defective or unreasonably dangerous.

6

Further, Mr. Channell intends to rely upon the opinions and testimony of expert witnesses regarding the defective and unreasonably dangerous nature of Anabolic Xtreme Superdrol. A decision regarding experts in this case has not been made. Plaintiff will supplement this Interrogatory when a decision is made regarding which experts will be called to support Plaintiff's allegations.

19. Do you have any statements from any witness or parties regarding the events that led to this lawsuit? If so, state the name and address of each such witness, the date of said statement and whether such statement is written or oral.

RESPONSE: Mr. Channell objects to Interrogatory 19 to the extent it seeks attorney work product or material prepared or compiled in anticipation of litigation. Subject to and without waiving said objections, Mr. Channell does not have any statements responsive to this request.

20. List the names and addresses of all the persons (other than those listed in your prior answers to these interrogatories) who have knowledge of the incident described in your complaint or of the injuries and damages following therefrom.

RESPONSE: Mr. Channell objects to Interrogatory 22 as being overly broad and unduly burdensome, as Mr. Channell cannot identify every individual who may have knowledge of his consumption of Anabolic Xtreme Superdrol or his resulting injuries. Subject to and without waiving said objection, Mr. Channell knows the following individuals have such knowledge:

      Tammy Pickrel
      21034 Whatley Road
      Andalusia, AL 36420

Debbie McCloud
535 Jeffcoat Street
Luverne, AL 36049

Marty Moulton
22793 County Road 32
Opp, AL 36467

21. Do you carry medical insurance and did you carry insurance at the time of the incident that is referred to in your complaint? If so, please state the name and address of your insurer(s), your policy number(s), the number and amount of any deductible(s) or copay(s) you have had to pay, and the amount and nature of any expenses that are/were not covered by your insurance.

**RESPONSE: Mr. Channell objects to Interrogatory 21 to the extent is seeks information that is irrelevant, immaterial, or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, Mr. Channell was and is currently insured by BlueCross BlueShield of Tennessee, 801 Pine Street, Chattanooga, Tennessee 3702-2555, Group #111155, ID # DIV903058002. Mr. Channell has not yet calculated the copays and deductibles he has paid. Once completed, he will supplement this Response.**

22. List all lawsuits and worker's compensation claims filed by you or on your behalf.

RESPONSE: None.

23. Have any of your physicians told you that your medical condition, as described in the complaint, is related to the subject product? If so, identify the name and address of the physician and set forth what was said.

RESPONSE: Yes. Michael B. Fallon, M.D.

8

UAB Liver Center
University of Alabama, Birmingham
Department of Medicine

**Dr. Fallon treated Mr. Channell for his acute liver failure and told Mr. Channell that his condition was the result of his use of Anabolic Xtreme Superdrol.**

24. Have any of your physicians told you that your medical condition, as described in the complaint, is not related to the subject product? If so, identify the name and address of the physician and set forth what was said.

**RESPONSE:** No.

                                                                             _____
                                                                             TONY CHANNELL

SWORN to and SUBSCRIBED before me this the 27th day of May 2008.

                                                                             _____
                                                                             NOTARY PUBLIC

[SEAL]                                                                My Commission Expires: 9-24-2011

9

/s/

W. Roger Smith, III (SMI257)
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.
234 Commerce Street
Montgomery, Alabama 36104

David F. Miceli (MIC006)
DAVID F. MICELI, L.L.C.
119 Maple Street, Suite 201
Carrollton, Georgia 30117

Attorneys for Plaintiff

**OF COUNSEL:**

BEASLEY, ALLEN, CROW, METHVIN,
 PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone (334) 269-2343
Fax    (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2008, the foregoing document was served on counsel for all parties by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid.

Andrew C. Clausen
Alford, Clausen & McDonald, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602

S. Anthony Higgins
Nix Holtsford Gilliland Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103

Kathy R. Davis
Carr Allison
100 Vestavia Parkway
Birmingham, Alabama 35216

Anabolic Resources, LLC
c/o Richard Smith
2440 W. 12th Street, Ste. 3
Tempe, Arizona 85281

STG Investors, LLC
6628 Sky Pointe Drive, Ste. 290
Las Vegas, Nevada 89131

_____
OF COUNSEL