IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| TONY CHANNELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CIVIL ACTION NO.: CV-07-900047 |
| | * |
| NUTRITION DISTRIBUTION, LLC, et al., | * |
| | * |
| Defendants. | * |

## PLAINTIFF'S RESPONSES TO DEFENDANT NUTRITION DISTRIBUTION'S FIRST INTERROGATORIES

Plaintiff, Tony Channell, answers Defendant Nutrition Distribution, LLC's First Set of Interrogatories as follows:

**INTERROGATORY 1:**

If you have ever been a plaintiff or a defendant in any other civil suit for damages, please identify each such action by the style of the case, when and where the suit was filed, a brief description of the action, the names of the parties and the attorneys involved, and the final disposition of the action.

**RESPONSE:** I have never been involved in any other civil suit for damages.

**INTERROGATORY 2:**

Have you or anyone acting on your behalf ever had any written or oral communications with this defendant or anyone acting or purporting to act on behalf of this defendant? If so please:

1

# EXHIBIT H

(a) State the date each such communication took place and describe the nature and extent of each such communication, including in your description the identity of the individual who initiated such communication, the identity of all individuals who participated in each such communication and the substance of what was said by each person involved in each such communication; and

(b) Describe in detail the actions, if any, you took as a result of each such communication including, but not limited to, a description of any follow-up communications you had with any of the other named defendants herein and/or anyone acting on their behalf.

**RESPONSE:** I called a 800-number in February or March 2006 to inquire if Anabolic Xtreme Superdrol was still being marketed and to report that Anabolic Xtreme Superdrol made me ill.

**INTERROGATORY 3:**

Other than the medications identified in the documents you produced in response to other defendants' requests for production in this matter, did you take any dietary supplements, exercise supplements, steroids, prohormone supplements or medications between January 1, 2005, and March 20, 2006? If so, for each item please state:

(a) The name of the supplement, steroid or medication you took;

(b) The source(s) from which you purchased the supplement, steroid or medication; and

(c) The dates on which you took the supplement, steroid or medication.

**RESPONSE:** Mr. Channell objects to Interrogatory 3 as overly broad and unduly burdensome. Further, Mr. Channell objects to Interrogatory 3 to the extent

that it seeks evidence that is irrelevant and immaterial to the facts of this case and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, see medical records submitted in response to Defendant's Request for Production.

Subject to the above objections, I have taken Whey Protein Powder, Soy Protein Powder, and Creatine at various times from 2001 – 2005. However, at the time of my injury, I was only taking Anabolic Xtreme Superdrol.

**INTERROGATORY 4:**

Do you contend that you have permanent injuries as a result of your use of the product involved in this action? If so:

(a) Describe the nature of the injuries you allege to be permanent;

(b) Describe the treatment you are currently receiving, including the names and specialties of the physicians and health care professionals who are providing such treatment and the ongoing cost of such treatment;

(c) Describe the treatment you anticipate receiving in the future, including the anticipated cost of such treatment; and

(d) Identify by name, specialty and address each physician or other health care professional who has informed you that the alleged injuries are permanent.

**RESPONSE:** Yes, at my last liver check-up at UAB, my bilirubin levels had not yet returned to normal, and my eyes continued to be icteric. I have some scarring caused by the pustules that covered my body resulting from the liver failure. According to my doctor, the level of liver death is uncertain. As a result of my liver failure, I am at an increased risk of future diseases of the liver. Further, I

3

now suffer from joint pains which started immediately after my use of Anabolic Xtreme Superdrol.

**INTERROGATORY 5:**

Do you contend that your ability to earn money has been impaired as a result of your use of the product involved in this action? If so:

(a) Describe the activities associated with earning money which you could do before using the product involved in this action and which you can no longer do;

(b) State the amount of money you would have otherwise been able to earn to date but for your use of the product involved in this action;

(c) State the amount of money you would have been able to earn in the future but for your use of the product involved in this action.

**RESPONSE:** At this time, other than the lost income at the time of my liver failure, I do not believe I have suffered a decrease in my ability to earn money.

**INTERROGATORY 6:**

List each and every activity you were able to do before using the product involved in this action which you contend you can no longer do because of your use of the product involved in this action.

**RESPONSE:** None.

**INTERROGATORY 7:**

Identify each person whom you expect to call as an expert witness at the trial in this action to establish that Nutrition Distribution, LLC, engaged in activity rendering it liable to you, and for each person so identified, state the following:

(a) Business address and telephone number for each person;

4

(b) His or her educational background and experience which you contend qualifies them as an expert;

(c) A summary of his or her opinions; and

(d) The factual basis for each said opinion.

**RESPONSE:** Mr. Channell has not yet made a determination as to which experts will be called to testify. When a decision is made regarding which experts will be called, this interrogatory response will be supplemented pursuant to the Alabama Rules of Civil Procedure.

**INTERROGATORY 8:**

Identify each person whom you expect to call as an expert witness at the trial in this action to prove the cause, nature and extent of your alleged damages, and for each person identified, state the following:

(a) Business address and telephone number for each person;

(b) His or her educational background and experience which you contend qualifies them as an expert;

(c) A summary of his or her opinions; and

(d) The factual basis for each said opinion.

**RESPONSE:** See response to Interrogatory No. 7.

**INTERROGATORY 9:**

Other than your attorneys, state the name, address, and telephone number of each and every person to whom you have spoken about your use of the product involved in this action and/or about this action.

RESPONSE: Mr. Channell objects to Interrogatory 9 as being overly broad and unduly burdensome, as Mr. Channell cannot identify every individual who he may have spoken to regarding his consumption of Anabolic Xtreme Superdrol or his resulting injuries.

Subject to and without waiving said objection, Mr. Channell knows the following individuals have such knowledge:

> Tammy Pickrel
> 21034 Whatley Road
> Andalusia, Alabama 36420
>
> Debbie McCloud
> 535 Jeffcoat Street
> Luverne, Alabama 36049
>
> Marty Moulton
> 22793 County Road 32
> Opp, Alabama 36467
>
> Crenshaw Community Hospital
> 101 Hospital Circle
> Luverne, Alabama 36049
>
> UAB Medical Center
> 619 19th Street S.
> Birmingham, Alabama 35249
>
> Michael B. Fallon, M.D.
> UAB Liver Center
> University of Alabama, Birmingham
> Department of Medicine
> 1918 University Boulevard
> McCallum Building, 2nd Floor
> Birmingham, Alabama 35294

_____
TONY CHANNELL

SWORN to and SUBSCRIBED before me this the 15 day of July 2008.

_____
NOTARY PUBLIC

[SEAL]  My Commission Expires: 9/24/2011

_____
W. Roger Smith, III (SMI257)
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.
234 Commerce Street
Montgomery, Alabama 36104

David F. Miceli (MIC006)
DAVID F. MICELI, L.L.C.
119 Maple Street, Suite 201
Carrollton, Georgia 30117

Attorneys for Plaintiff

**OF COUNSEL:**

BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone (334) 269 -2343
Fax    (334) 954-7555

7

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2008, the foregoing document was served on counsel for all parties by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid.

Andrew C. Clausen
Alford, Clausen & McDonald, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602

S. Anthony Higgins
Nix Holtsford Gilliland Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103

Kathy R. Davis
Carr Allison
100 Vestavia Parkway
Birmingham, Alabama 35216

Anabolic Resources, LLC
c/o Richard Smith
2440 W. 12th Street, Ste. 3
Tempe, Arizona 85281

_____
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2008, the foregoing document was served on counsel for all parties by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid.

Andrew C. Clausen
Alford, Clausen & McDonald, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602

S. Anthony Higgins
Nix Holtsford Gilliland Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103

Kathy R. Davis
Carr Allison
100 Vestavia Parkway
Birmingham, Alabama 35216

Anabolic Resources, LLC
c/o Richard Smith
2440 W. 12th Street, Ste. 3
Tempe, Arizona 85281

_____
OF COUNSEL