IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| TONY CHANNELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CIVIL ACTION NO.: CV-07-900047 |
| | * |
| NUTRITION DISTRIBUTION, | * |
| LLC, et al., | * |
| | * |
| Defendants. | * |

## PLAINTIFF'S RESPONSE TO THE FIRST SET OF REQUESTS FOR PRODUCTION BY DEFENDANT NUTRITION DISTRIBUTION, LLC.

Plaintiff, Tony Channell, answers Defendant Nutrition Distribution, LLC's First Set of Requests for Production as follows:

### REQUEST FOR PRODUCTION NO. 1:

Produce any and all correspondence, notes, documents, or materials of any nature whatsoever, between you or anyone acting on your behalf and Nutrition Distribution, LLC, or anyone you contend was acting on behalf of Nutrition Distribution, LLC.

RESPONSE: None.

### REQUEST FOR PRODUCTION NO. 2:

Produce all correspondence, documents, or other materials of any nature whatsoever, between you or anyone acting on your behalf and any other party to this litigation.

RESPONSE: None.

### REQUEST FOR PRODUCTION NO. 3:

# EXHIBIT J

Produce all correspondence, documents, or other materials of any nature whatsoever, between you or anyone acting on your behalf and any governmental agency relating in any way to the product at issue in this lawsuit.

RESPONSE: None.

REQUEST FOR PRODUCTION NO. 4:

Produce all settlement agreements, releases of liability or other agreements executed by you or anyone acting on your behalf relating in any way to the product at issue in this lawsuit.

RESPONSE: None.

REQUEST FOR PRODUCTION NO. 5:

Produce true and correct copies of your federal and state income tax returns, including all forms and schedules, for the years 2002 through the present.

RESPONSE: See attached tax returns for the years 2004 through 2007. Plaintiff will supplement tax returns for the years 2002 and 2003.

REQUEST FOR PRODUCTION NO. 6:

Produce all medical records and reports in your possession or your attorney's possession, pertaining to your treatment related to the incident made the basis of your complaint.

RESPONSE: See attached medical records.

REQUEST FOR PRODUCTION NO. 7:

Produce true, correct and complete copies of any and all medical bills, hospital bills, ambulance or other patient transport bills, drug bills, doctor bills, x-ray bills and itemization of special damages and other documents which may be introduced at the trial

of this case which relate in any way to the injuries and/or damages allegedly resulting from the incident referred to in your complaint.

**RESPONSE:** Mr. Channell is still gathering documents responsive to this request. See attached Billing Records for responsive documents in his possession.

**REQUEST FOR PRODUCTION NO. 8:**

Produce copies of any and all documents or other evidence which you contend supports each allegation of negligence against Nutrition Distribution, LLC, separately and severally, as stated in your complaint.

**RESPONSE:** Plaintiff objects to Request 8 to the extent it seeks the production of attorney work product or materials prepared or compiled in anticipation of litigation. Without waiving said objection, a photocopy of the Anabolic Xtreme Superdrol bottle is attached.

**REQUEST FOR PRODUCTION NO. 9:**

Produce copies of any and all documents or other evidence which you contend supports each allegation of wantonness against Nutrition Distribution, LLC, separately and severally, as stated in your complaint.

**RESPONSE:** Plaintiff objects to Request 9 to the extent it seeks the production of attorney work product or materials prepared or compiled in anticipation of litigation. Without waiving said objection, a photocopy of the Anabolic Xtreme Superdrol bottle is attached.

**REQUEST FOR PRODUCTION NO. 10:**

Produce copies of any and all documents or other evidence which you contend supports each allegation of breach and implied warranty against Nutrition Distribution, LLC, separately and severally, as stated in your complaint.

RESPONSE: Plaintiff objects to Request 10 to the extent it seeks the production of attorney work product or materials prepared or compiled in anticipation of litigation. Without waiving said objection, a photocopy of the Anabolic Xtreme Superdrol bottle is attached.

REQUEST FOR PRODUCTION NO. 11:

Produce copies of any and all documents or other evidence which you contend supports each allegation of fraud against Nutrition Distribution, LLC, separately and severally, as stated in your complaint.

RESPONSE: Plaintiff objects to Request 11 to the extent it seeks the production of attorney work product or materials prepared or compiled in anticipation of litigation. Without waiving said objection, a photocopy of the Anabolic Xtreme Superdrol bottle is attached.

REQUEST FOR PRODUCTION NO. 12:

Produce copies of any and all documents or other evidence which you contend supports each allegation of misrepresentation against Nutrition Distribution, LLC, separately and severally, as stated in your complaint.

RESPONSE: Plaintiff objects to Request 12 to the extent it seeks the production of attorney work product or materials prepared or compiled in anticipation of litigation. Without waiving said objection, a photocopy of the Anabolic Xtreme Superdrol bottle is attached.

**REQUEST FOR PRODUCTION NO. 13:**

Produce a full and complete copy of any and all materials provided to, reviewed by and/or generated by each person you expect to call as an expert witness at the trial of this matter.

**RESPONSE:** Plaintiff objects to Request 13 to the extent it seeks the production of attorney work product or materials prepared or compiled in anticipation of litigation. Without waiving said objection, a photocopy of the Anabolic Xtreme Superdrol bottle is attached.

**REQUEST FOR PRODUCTION NO. 14:**

Produce copies of the *curriculum vitae* of any and all experts whom you expect to call at the trial of this matter.

**RESPONSE:** None. A decision has not been made as to which experts will be called to testify in this case, and, therefore, this request cannot be fully answered at this time.

**REQUEST FOR PRODUCTION NO. 15:**

Produce true, correct and complete copies of any and all reports of any expert or expert you expect to call at the trial of this matter.

**RESPONSE:** Plaintiff objects to Request 15 to the extent it seeks the production of attorney work product or materials prepared or compiled in anticipation of litigation. Further, no documents are responsive.

**REQUEST FOR PRODUCTION NO. 16:**

Produce copies of any and all documents which you referred to or relied upon in preparing your answers to these interrogatories which have not been specifically requested hereinabove.

**RESPONSE:** See attached medical records and photocopy of the Anabolic Xtreme Superdrol bottle.

### REQUEST FOR PRODUCTION NO. 17:

Please execute and return the attached release forms for your medical providers.

**RESPONSE:** See attached release forms.

/s/ W. Roger Smith, III
W. Roger Smith, III (SMI257)
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS, & MILES, P.C.
234 Commerce Street
Montgomery, Alabama 36104

David F. Miceli (MIC006)
DAVID F. MICELI, L.L.C.
119 Maple Street, Suite 201
Carrollton, Georgia 30117

Attorneys for Plaintiff

**OF COUNSEL:**

BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone (334) 269-2343
Fax    (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2008, the foregoing document was served on counsel for all parties by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid.

Andrew C. Clausen
Alford, Clausen & McDonald, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602

S. Anthony Higgins
Nix Holtsford Gilliland Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103

Kathy R. Davis
Carr Allison
100 Vestavia Parkway
Birmingham, Alabama 35216

Anabolic Resources, LLC
c/o Richard Smith
2440 W. 12th Street, Ste. 3
Tempe, Arizona 85281

OF COUNSEL