IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| TONY CHANNELL, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | 2:08cv794-MHT |
| | ) | (WO) |
| NUTRITION DISTRIBUTION, | ) | |
| LLC, d/b/a Anabolic | ) | |
| Xtreme; et al., | ) | |
| | ) | |
|    Defendants. | ) | |

OPINION AND ORDER

This lawsuit was previously removed based on diversity-of-citizenship jurisdiction (28 U.S.C. §§ 1332, 1441) by one of the defendants, Designer Supplements, Inc., but the lawsuit was remanded to state court because Designer Supplements failed to prove that the $ 75,000 amount-in-controversy requirement had been met.  Now, Nutrition Distribution seeks removal, pursuant to 28 U.S.C. § 1446(b), after having received "other paper" from Channell allegedly establishing that the amount-in-controversy requirement is satisfied; plaintiff Tony Channell again moves for remand.  Channell also argues

that Nutrition Distribution's removal is unreasonable and, pursuant to 28 U.S.C. § 1447(c), the court should award him fees and costs incurred as a result.  For the reasons that follow, Channell's motion to remand will be granted, but his request for costs and fees will be denied.


I.

Where damages have not been specified by the plaintiff, a removing defendant has the burden of proving by a preponderance of the evidence that the $ 75,000 amount-in-controversy requirement for diversity jurisdiction is met.  Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002); Lowery v. Alabama Power Co., 483 F.3d 1184, 1209-1211 (11th Cir. 2007). The defendant must do so by presenting documents received from the plaintiff "which contain an unambiguous statement that clearly establishes federal jurisdiction." Lowery, 483 F.3d at 1213 n. 63.  "If the jurisdictional amount is either stated clearly on the face of the

2

documents before the court, or readily deducible from them, then the court has jurisdiction.  If not, the court must remand."  Id. at 1211.

Finally, the court may not look beyond the notice of removal and evidence submitted by the parties relevant to the amount in controversy at the time the case was removed, Leonard, 279 F.3d at 972; and "[r]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are to be resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

This second removal suffers from the same, fatal flaw as the first: it fails to demonstrate by a preponderance of the evidence that the $ 75,000 amount-in-controversy requirement has been met.  Briefly, Channell's complaint alleges that the defendants in this case designed, advertised and sold a dietary supplement known as Superdrol, which Channell consumed, causing him to suffer serious and life-threatening injuries, including liver failure.  Channell further contends that the defendants

acted recklessly, maliciously, and/or with conscious disregard of the foreseeable harm caused by Superdrol, warranting an award of punitive damages. Nutrition Distribution's notice of removal shows Channell's out-of-pocket expenses--which include lost wages, medical payments, short-term disability payments and lost vacation time--total $ 49,987.72. Nutrition Distribution argues that the court should consider Channell's requests for "other damages"--including punitive damages and damages for pain and suffering, mental anguish, and permanent injuries--and conclude that the total amount in controversy exceeds $ 75,000. Although Nutrition Distribution is correct that "other damages," including punitive damages, must be considered in evaluating the amount-in-controversy requirement, <u>Holley Equipment Co. v. Credit Aliance Corp.</u>, 821 F.2d 1531, 1535 (11th Cir. 1987), the court must ultimately reject Nutrition Distribution's argument that these unspecified damages suffice to meet the amount-in-controversy requirement. As explained above, a removing defendant must submit

4

documents from which it is "clear" or "readily deducible"
that the threshold amount has been met, and the court may
not look beyond the evidence submitted in making its
determination.  Nutrition Distribution has not provided
the court with documents that clearly establish
jurisdiction or any other evidence upon which it can
properly appraise Channell's claims for "other damages."[*]
Any attempt to valuate these claims would require the
court to look outside the documents submitted to the
court (for example, to consider, and draw inferences
based on, past experiences with similar personal-injury
cases) and engage in the kind of "impermissible
speculation" that the Eleventh Circuit Court of Appeals
has expressly rejected.  <u>Lowery</u>, 483 F.3d at 1220.
Therefore, Channell's motion to remand will be granted.

---

* Nutrition Distribution cites 1975 Ala. Code
§ 6-11-21(d), which clarifies that recovery for punitive
damages is limited to the greater of thrice the
plaintiff's compensatory damages or $ 1,500,000.  This
section merely establishes a cap for punitive damages; it
provides no evidence of how much Channell actually seeks
or is likely to receive.

In concluding that remand is warranted, this court recognizes that there is a tension between the preponderance-of-the-evidence standard and the requirement that the documents received from the plaintiff "contain an unambiguous statement" and "clearly establish" federal jurisdiction.   The <u>Lowery</u> court recognized this difficulty, admitting that the law effectively requires the removing defendant to meet a "<u>far</u> higher burden than preponderance of the evidence" and requires courts applying the standard to force "a square peg into a round hole."   483 F.3d at 1211 (emphasis added).   This court hopes that the Eleventh Circuit Court of Appeals will soon resolve this tension, for, because uncertainties are to be resolved in favor of remand, it works to the clear and rarely surmountable and thus unfair disadvantage of those seeking removal. Nevertheless, this is the law for this court and therefore it must be followed.

II.

Channell also argues that, pursuant to 28 U.S.C. § 1447(c), he should be awarded the fees and costs that have resulted from Nutrition Distribution's "unreasonable" removal.  The Supreme Court has explained that the appropriate test for awarding fees under § 1447(c) should balance Congress's "desire to deter removals sought for the purpose of prolonging litigation" with its decision "to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).  Therefore, the court rejected a presumption in favor of awarding fees, id. at 136-139, and clarified that:  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."  Id. at 140.

Although this is the second time this lawsuit has been removed based on diversity jurisdiction and denied for a failure the show that the amount-in-controversy requirement has been met, the court is not prepared to say that Nutrition Distribution's removal lacked an objectively reasonable basis.  First, following remand, Nutrition Distribution conducted discovery revealing Channell's out-of-pocket expenses totaling $ 49,987.72. This information was not available to the defendants or the court when the lawsuit was previously removed, and provides a reasonable, though ultimately insufficient, basis for Nutrition Distribution's argument that the various, combined damages exceed $ 75,000.  In addition, Channell has declined Nutrition Distribution's requests that he admit or deny the amount in controversy exceeds $ 75,000.  While the court does not view Channell's refusal as an admission of jurisdiction, it does suggests that Nutrition Distribution has not behaved unreasonably in seeking removal.  Finally, as mentioned above, the Eleventh Circuit Court of Appeals itself admitted that it

8

can be difficult to apply the preponderance-of-the-evidence standard in this particular context and requires the  court to force a "square peg into a round hole." Lowery, 483 F.3d at 1211.  As such, the court is unwilling to say that Nutrition Distribution's pursuit of removal was unreasonable; Channell's request for fees and costs will be denied.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Tony Channell's motion to remand (doc. no. 13) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Covington County, Alabama for want of subject-matter jurisdiction.

It is further ORDERED that plaintiff Channell's request for fees and costs (doc. no. 13) is denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 4th day of December, 2008.

　　　　　　　　 /s/ Myron H. Thompson
　　　　　　　UNITED STATES DISTRICT JUDGE